IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AUBREY MITCHELL, )<br>  )<br>  Plaintiff, )<br>v. )<br>  )<br>  )<br>FORTUNE METAL GEORGIA, )<br>AUTOMATION PERSONNEL )<br>SERVICES, INC. )<br>  )<br>  Defendant. ) | Civil Action No.<br><br>JURY TRIAL DEMANDED |

_____

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Aubrey Mitchell (Plaintiff or "Mr. Mitchell"), by and through his undersigned counsel, and files his Complaint against Defendant Fortune Metal Georgia ("Defendant"), and shows the following:

## I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorneys' fees and costs, for Defendant's failure to pay federally mandated overtime

wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant Fortune Metal Georgia. is a domestic corporation, does business within this District, and is subject to jurisdiction in this Court.

5.

Defendant may be served with process via its registered agent, Rick Gates, at 2517 Highway 42 North McDonough, Henry County, Georgia, 30253.

6.

Because a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district, venue in this Court is proper pursuant to 28 U.S.C. §1391.

### III.  Parties and Facts

7.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

8.

From around March of 2018 to September 15, 2021, Plaintiff was employed by Defendant as a Warehouse Worker.

9.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA.

10.

Throughout his employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work.

11.

Plaintiff's work was closely supervised and directed by his supervisors and required minimal analysis and the exercise of negligible discretion and judgment.

12.

Throughout Plaintiff's employment, Plaintiff was paid on a hourly basis.

13.

Defendant is an "employer" as that term has been defined by the FLSA.

14.

Defendant compensated Plaintiff at a rate of $11 per hour.

15.

During his employment, Plaintiff regularly worked 5-10 hours of overtime in a given workweek.

16.

Defendant was required, for all hours past 40 in a given workweek, to pay Plaintiff no less than time and a half based upon his non-exempt status.

17.

Defendant failed to pay Plaintiff time and a half for overtime, instead compensating him at a rate of $12 per hour for all hours worked over $40.

18.

Defendant's gross revenues from commercial activities exceed $500,000 per year and Defendant's gross revenues exceeded $500,000 in the years 2018, 2019, 2020 and 2021.

19.

Defendant knew or had reason to know that Plaintiff regularly worked in excess of 40 hours in workweeks without overtime compensation.

20.

Defendant's knowledge of its failure to compensate Plaintiff is evidence by the fact that Defendant paid $12.00 per hour for overtime, just $1.00 more than his usual hourly rate.

21.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

22.

Plaintiff was also individually covered by the FLSA during his employment with Defendant by virtue of the duties he performed.

## Count I

## Violations of the Fair Labor Standards Act.

23.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

24.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages in the amount of time and a half for time that Plaintiff worked in excess of forty (40) hours in given workweeks.

25.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

26.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

27.

Defendant's violation of the FLSA was willful, thus entitling Plaintiff to a three-year statute of limitations.

28.

Defendant's decision to pay Plaintiff $12.00 an hour for overtime, instead of the legally required rate of time and a half, is evidence that Defendant knew it was required to pay Plaintiff overtime and chose not to.

## IV. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant's violations of the FLSA were willful; and

(D) Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted, this 2nd day of September 2022.

**BARRETT & FARAHANY**

/s/ *Micah J. Barry*
Micah Barry
Georgia Bar No. 103184

*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353-0092
(404) 214-0120
(404) 214-0125 facsimile
micah@justiceatwork.com